GARDNER *v.* STATE.*

[105 So. 476. No. 24870.]

(Oct. 5, 1925.)

CRIMINAL LAW. *Searches and seizures. Statute admitting in liquor case evidence obtained by search of home without warrant unconstitutional.*

> Laws 1924, chapter 244, section 3, declaring admissible, on prosecution for violation of state prohibition laws, testimony of officer and liquor and appliances for manufacture thereof, though he had no proper warrant for the search of the premises, in the course of which the information was obtained and the articles seized, as regards evidence obtained by search without warrant of defendant's home, violates Constitution 1890, sections 23, 26, guaranteeing security against unreasonable search and seizure, and that accused shall not be compelled to give evidence against himself.

McGOWEN, J., and SMITH, C. J., dissenting.

*Headnote. Criminal Law, 16 C. J., Section 1110.

APPEAL from circuit court of Jefferson Davis county.
HON. J. Q. LANGSTON, Judge.

Richard Gardner was convicted of a violation of the liquor laws, and he appeals. Reversed and remanded.

*Livingston & Milloy,* for appellant.

The evidence is conclusive that the sheriff and his deputy failed to equip themselves with such authority as would constitute a legal seizure and search for the beer disclosed by the evidence in this case. The sheriff himself readily admitted that he did not have a search warrant and further testified that he did not think he needed one. Under the former rulings of this court, appellant was clearly entitled to the peremptory instruction requested and the motion of appellant to exclude

all the evidence of the state should have been sustained. See *Tucker* v. *State,* 128 Miss. 211, 90 So. 845; *Williams* v. *State,* 129 Miss. 469, 92 So. 584; *Miller et al.* v. *State,* 129 Miss. 774, 93 So. 2; *Butler* v. *State,* 129 Miss. 778, 93 So. 3; *State* v. *Patterson,* 130 Miss. 680, 95 So. 96; *U. S. F. & G.* v. *State to use, etc.,* 121 Miss. 369, 83 So. 610; *Helton* v. *State,* 101 So. 701.

*F. S. Harmon,* Special Assistant Attorney-General, for the state.

The home, barn and premises of this negro appellant, Rich Gardner were searched by the sheriff and a private individual, Mr. Polk, whom the sheriff asked to accompany him; and a half barrel of "beer" which these gentlemen swore to be intoxicating was found in the crib concealed by a pile of shucks. No testimony was introduced for the defendant, and the judgment of the circuit court of Jefferson Davis county must be affirmed unless this court holds that the testimony of the sheriff and this special deputy should have been excluded because the search in question was made without a warrant.

Counsel for the state is contending in a series of other cases this day submitted that section 3, chapter 244, Laws of 1924, is constitutional, since by it the legislature merely put into statutory form the rule announced by this court in *Pringle* v. *State,* 108 Miss. 806, 67 So. 455, which case has never been overruled by a majority of the judges of this court.

For an extended argument of the state's contention, we refer the court to the brief for the state in *Donovan Moore* v. *State,* 138 Miss. at 123-150.

HOLDEN, J., delivered the opinion of the court.

Richard Gardner appeals from a conviction on a charge of manufacturing intoxicating liquor; and the principal error assigned for reversal is that the court permitted,

over the objection of appellant, the testimony of the officers who searched the home and private premises of appellant and seized the liquor, without first having procured a search warrant for that purpose.

The appeal squarely presents for our consideration the decisive question of whether the testimony secured by a search of the home and private premises without a warrant is admissible in evidence upon the trial for a violation of the prohibition laws of the state; and the question pointedly involves the constitutionality of section 3, chapter 244, of the Laws of 1924, which provides as follows:

"The testimony of any lawful officer or officers and the introduction as evidence of any intoxicating liquor or any still or appliance or receptacle used in the manufacture or transportation or the attempted manufacture or attempted transportation of intoxicating liquor, in the trial of any criminal case involving a violation of the prohibition laws of the state of Mississippi, shall not be rendered inadmissible or incompetent, by reason of the fact that such officer, or officers, was not armed with a due and proper search warrant authorizing the search of the building, room in a building, place, or of the automobile or other vehicle in the course of which search the facts and information testified to were ascertained and discovered and the liquor, stills, and appliance for its manufacture or transportation were seized."

It will be observed the legislative act undertakes to make admissible evidence obtained without a search warrant which was heretofore inadmissible under the rulings of this court, beginning in the *Tucker case,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377, which decision was rendered prior to the enactment of said section 3, chapter 244, Laws of 1924.

The decision in the *Tucker case, supra,* and the many other supporting cases following it, rests upon the theory, and holds that the search of the home and private premises is unlawful as being contrary to the constitu-

tional provision (sections 23 and 26) against searches and seizures without lawful warrants for that purpose; and, unless the Tucker case and the others are to be overruled, it seems clear to us that section 3 of chapter 244, Laws of 1924, is unconstitutional and void. The reasoning in the Tucker case and those cases adhering to its pronouncement has been stated by this court at various times, and we shall not repeat it.

In recent decisions of this tribunal, the rule against search and seizure of the possessions of persons without a warrant has been somewhat modified—for instance, the holding that no warrant was required to search an automobile where there was probable cause for such search —but at no time has a majority of this court expressed any intention of varying from the rule laid down in the Tucker case, namely, that it is unlawful to search the private premises and home of a person without first securing a warrant therefor, and that evidence secured in this unlawful manner is not admissible at the trial on a charge of violating the prohibition laws of the state.

We decline to overrule the Tucker case and the numerous other decisions following it; and, as section 3 of chapter 244, Laws of 1924, here involved, is contrary to the Tucker case, it is our opinion, therefore, that the legislative act in question is void because unconstitutional, and that the evidence secured by such unlawful search is not admissible against the accused on trial for manufacturing intoxicating liquor.

Enforcement of the law against the liquor evil is highly desirable, but in doing so we must not now, nor in the future, permit unlawful searches of private premises, and thereby destroy the sacred constitutional right of privacy of the home. Section 23, Constitution of Mississippi (the Constitution of the United States being similar) provides as follows:

"The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause,

supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized.''

In view of these conclusions, the judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*

McGowen, J. (dissenting).

I dissent from the conclusion reached in this case, that section 3, chapter 244, Laws of 1924, is unconstitutional, for the reasons which I have set forth in the case of *Hose Orick and Clovis Clingan* v. *State*, 105 So. 465, 140 Miss. 184, this day decided, and in which dissenting opinion Chief Justice Smith concurs.